UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD GORDON FARO,

                                Plaintiff,                DECISION AND ORDER

-vs-

                                                          6:19-CV-6479 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

_____

INTRODUCTION

Plaintiff Richard Gordon Faro brings this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB"). Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Pl.'s Mot., Jan. 10, 2020, ECF No. 9; Def.'s Mot., Mar. 17, 2020, ECF No. 12. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is granted, the Commissioner's motion (ECF No. 12) is denied, and the ALJ's decision is reversed. The matter is remanded to the Commissioner for further proceedings consistent with this decision pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

The Court assumes the reader's familiarity with the underlying facts and procedural history in this case. Plaintiff filed his DIB application on December 7,

1

2015, alleging an onset date of June 15, 2015. Transcript ("Tr."), 140–142, Sept. 24, 2019, ECF No. 6. On January 29, 2016, Dr. Mohammed Zaman, M.D., conducted a consultative examination of Plaintiff and concluded that Plaintiff's prognosis was "stable," and that he "has a mild limitation in prolonged walking, heavy lifting, carrying, and climbing." On February 25, 2016, the Commissioner asked Dr. S. Putchka, M.D., to review Plaintiff's file and "advise if [an RFC of] light work is appropriate for [Plaintiff]." Tr. 432. Dr. Putchka noted that if the diameter of Plaintiff's aortic aneurysm reaches over 5.5 centimeters he might need surgery, but that "light work can be assigned." Tr. 433. On February 26, 2016, the Commissioner notified Plaintiff that he did not qualify for DIB benefits. Tr. 87.

Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 93. Plaintiff's request was approved, and the hearing was held by videoconference on January 4, 2018. Tr. 35. Plaintiff was present in a hearing room in Rochester, New York, while the ALJ conducted the hearing from St. Louis, Missouri. Tr. 45. Plaintiff was unrepresented and, following a colloquy with the ALJ, waived his right to representation and opted to proceed *pro se*. Tr. 35–45. Vocational expert William Kiger testified by telephone. Tr. 70–75.

In his decision on June 25, 2018, the ALJ determined that Plaintiff had the following residual functional capacity ("RFC"):

> to perform medium work as defined in 20 CFR 404.1567(c) except lift/carry/push/pull 25 pounds frequently and 50 pounds occasionally, sit for 6 hours of an 8-hour workday and walk/stand for 6 hours in an 8-hour workday. He can occasionally climb. He can have no more than

>occasional exposure to extreme cold, extreme heat, humidity, dust, fumes, gases, odors and poor ventilation.

Tr. 25–26. Based on this RFC, the ALJ found that Plaintiff could perform his past relevant work as a code inspector, and – in the alternative – that there were other, unskilled, jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as an assembler, a conveyer feeder, or a dining room attendant. Tr. 29. Therefore, the ALJ found that Plaintiff was not disabled. Tr. 30.

Plaintiff retained an attorney for his appeal of the ALJ's decision to the Social Security Administration's Appeals Council. In an August 2018 letter to the Appeals Council, Plaintiff's attorney summarized the merits of Plaintiff's claim for disability benefits as follows:

> [Plaintiff's] application reported significant difficulty performing a full range of physical activities including lifting more than 15–20 pounds, standing or sitting for prolonged periods, walking for long distances, and difficulty reaching, squatting, kneeling and using his hands.
>
> [Plaintiff's] medical records affirm diagnoses that include severe obstructive sleep apnea, hypogonadism with decreased energy and fatigue, a bicuspid aortic valve, ascending aortic aneurysm and mild left ventricular hypertrophy, Post-9/13/12 motor vehicle accident ("MVA") cervical and thoracic spine injuries, arthritis and gout[,] and post-concussive syndrome and memory loss.
>
> Reported symptoms include chronic pain (back, neck, shoulder and abdomen), post-concussive headaches (1–2x per week lasting for up to an hour) and fatigue.

Tr. 233 (internal citations to the record omitted). In support of this summary, Plaintiff submitted a "retrospective opinion and report" from Plaintiff's primary care physician, Dr. Anthony Ragusa, M.D., which included a four-page medical source

statement and a two-page report, dated July 9 and July 10, 2018, respectively.  Tr. 10–15, 236.

On April 23, 2019, the Appeals Council denied Plaintiff's request for further review of the ALJ's decision.  Tr. 1.  The letter to Plaintiff from the Appeals Council stated that Plaintiff's medical source statement from Dr. Ragusa, "[did] not show a reasonable probability that it would change the outcome of the decision."  Tr. 2.  The letter continued,

> You [also] submitted medical records from Anthony Ragusa, M.D., dated July 10, 2018 (2 pages).  The Administrative Law Judge decided your case through June 25, 2018.  The additional evidence does not relate to the period at issue.  Therefore, it does not affect the decision about whether you were disabled beginning on or before June 25, 2018.

Tr. 2.  The ALJ's decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

STANDARD OF REVIEW

42 U.S.C. § 405(g) defines the process and scope of judicial review of the final decision of the Commissioner on a claim for DIB benefits.  A reviewing court must first determine "whether the Commissioner applied the correct legal standard." *Jackson v. Barnhart*, No. 06-CV-0213, 2008 WL 1848624, at *6 (W.D.N.Y. Apr. 23, 2008) (quoting *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999)).  "Failure to apply the correct legal standards is grounds for reversal."  *Id.*  (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

Provided the correct legal standards are applied, a finding by the

4

Commissioner is "conclusive" if it is supported by "substantial evidence." 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

## DISCUSSION

Plaintiff argues that the Appeals Council erred in denying review of the ALJ's decision because it failed to give good reasons for its rejection of Dr. Ragusa's medical source statement. As indicated above, Plaintiff attempted to augment the record for his claim before the Appeals Council by submitting a four-page medical source statement from Dr. Ragusa, his primary care physician, dated July 9, 2018, and a two-page report from Dr. Ragusa dated June 10, 2019. Tr. 236. The Appeals Council explicitly found that Dr. Ragusa's two-page report was not relevant to the time period referenced in the ALJ's decision. However, with respect to Dr. Ragusa's medical source statement, the Appeals Council stated only that it "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. The Court finds that this was error.

When reviewing a denial of DIB, the Appeals Council will consider "new and material" evidence if it "relates to the period on or before the date of the hearing

decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." *Gurnett v. Berryhill*, No. 16-CV-955-FPG, 2018 WL 3853387, at *3 (W.D.N.Y. Aug. 14, 2018) (quoting 20 C.F.R. § 404.970(b) (internal quotation marks omitted)). It is well-settled in this Circuit that the Appeals Council cannot find that evidence is not "new and material" solely because it was generated after the ALJ's decision. *Newbury v. Astrue*, 321 F. App'x 16, 18 n. 2 (2d Cir. 2009) (summary order) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "Examinations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnosis." *Carrera v. Colvin*, No. 1:13-cv-1414, 2015 WL 1126014, at *8 (N.D.N.Y. Mar. 12, 2015).

In the present case, Plaintiff's new evidence consisted chiefly of two statements of his primary care physician, Dr. Ragusa. The two-page report appears to be treatment notes from an office visit post-dating the ALJ's decision (albeit treatment notes recounting a substantial patient history). The four-page "physical medical source statement," on the other hand, is a medical opinion based on the familiarity Dr. Ragusa developed with Plaintiff's medical condition based on treating him three to four times each year for twenty years. Tr. 12.

Dr. Ragusa's medical opinion is at odds with the ALJ's RFC determination in several important respects. The ALJ found that Plaintiff is capable of medium work carrying 25 pounds frequently and 50 pounds occasionally, sitting 6 hours in an 8-hour workday, and walking/standing for 6 hours in an 8-hour workday. Tr. 25. Dr.

Ragusa, by contrast, indicated that Plaintiff should rarely lift or carry 20 pounds, never lift or carry 50 pounds, and stand or walk for only about 2 hours in an 8-hour workday.  Tr. 12–13.  Moreover, Dr. Ragusa indicated that Plaintiff is "[i]ncapable of even 'low stress' work."  Tr. 15.

20 C.F.R. § 404.1527 provides that, for all claims filed before March 27, 2017, the opinion of a treating medical source is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *See also Green–Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  "When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow," and "will always give good reasons in [its] notice of determination or decision for the weight [given to the] treating source's opinion."  *Stadler v. Barnhart*, 464 F. Supp.2d 183, 188 (W.D.N.Y. 2006) (quoting 20 C.F.R. § 404.1527(d)(2) and (f)(3)).  Cursory, formulaic statements by the Appeals Council are not helpful, and may not be accepted at face value.  *Mendez v. Comm'r of Soc. Sec.*, No. 17-CV-6824 CJS, 2019 WL 2482187, at *4 (W.D.N.Y. June 14, 2019) (citing *Pollard*, 377 F.3d at 192–93).

The Commissioner argues that the Appeals Council's explanation was adequate because Dr. Ragusa's medical source statement is inconsistent with the record as a whole, including prior treatment notes from Dr. Ragusa himself. However, *post hoc* rationalizations for the actions of the Appeals Council are not sufficient.  *Newbury*, 321 F. App'x at 18.  The Appeals Council's perfunctory

7

statement that Dr. Ragusa's medical source statement "does not show a reasonable probability that it would change the outcome of the decision," without any legal or factual reasoning, leaves the Court with no way to determine whether the Council's ruling was correct.  *Mendez*, 2019 WL 2482187 at \*4 (citing *Kocol v. Berryhill*, No. 17-CV-01268-LGF, 2019 WL 2428511, at \*4 (W.D.N.Y. June 11, 2019)).

There may be reasons why Dr. Ragusa's medical source statement is not new and material or would not change the outcome of the decision, but it is the duty of the Appeals Council to specify what those reasons are.  *Id.*  Accordingly, the Court finds that this matter must be remanded for the Commissioner to explain why the additional evidence submitted would not result in a different outcome than that reached by the ALJ.

Plaintiff also identifies three errors he believes the ALJ committed in rendering his decision.  First, Plaintiff argues the ALJ deprived him of a full and fair hearing by failing to inform him of the benefit of a treating physician's opinion, and by failing to help develop the record with respect to opinion evidence.  Second, Plaintiff argues that the vocational expert's testimony did not support the ALJ's RFC determination.  Third, Plaintiff argues the RFC is not based on substantial evidence.  Pl. Mem. of Law, Jan. 10, 2020, ECF No. 9-1.  Because these issues may be affected by the Commissioner's treatment of this case on remand, the Court declines to consider them at this time.  *See Mendez*, 2019 WL 2482187, at \*5; *Ward v. Comm'r of Social Sec.*, 17-CV-1008, 2019 WL 2106507 at \*4 (W.D.N.Y. May 14, 2019) (quoting

*Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 1990)).

## CONCLUSION

For the reasons discussed above, it is hereby ORDERED that Plaintiff's motion for judgment on the pleadings (ECF No. 9) is granted, the Commissioner's motion (ECF No. 12) is denied, and the ALJ's decision is reversed. The matter is remanded to the Commissioner for further proceedings consistent with this decision under 42 U.S.C. 405(g), sentence four.

So Ordered.

DATED:   September 08, 2020
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge
